**Udall|Shumway**
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

David R. Schwartz - #009264
das@udallshumway.com
Kimberly R. Davis - #030210
krd@udallshumway.com
Attorneys for Defendant Maricopa
County Community College District
Maria Wise and Vivian Miranda

# UNITED STATES DISTRICT COURT
# DISRICT OF ARIZONA

| | |
|---|---|
| James Rogers, an individual, | NO. CV2018-00605 PHX-GMS |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER AND REQUEST FOR A JURY TRIAL** |
| Maricopa County Community College District, a political subdivision of Arizona; Maria Wise, an individual; and Vivian Miranda-Strawbridge, an individual | |
| Defendants. | |

Defendants Maricopa County Community College District ("District"), Maria Wise, and Vivian Miranda Wendelken, who was formerly known as Vivian Miranda-Strawbridge, hereby admit, deny and respond to the allegations of the Complaint as follows:

1. In response to the allegations under JURSIDICTION, p. 2, ¶ 1, such allegation is admitted.

2. In response to the allegations under JURSIDICTION, p. 2, ¶ 2, Defendants admit that an action under the Americans with Disabilities Act and the Rehabilitation Act may be filed in the United States District Courts. The specific statutes provide for remedies but do not expressly authorize this action.

3. In response to the allegations under JURSIDICTION, p. 2, ¶ 3, Defendants admit that venue for this action is proper but deny that there was any discrimination, retaliation or intentional infliction of emotional distress committed.

4. In response to the allegations under PARTIES, p. 2, ¶ 1, 2 and 3, Defendants admit the allegations.

5. In response to the allegations under PARTIES, p. 2, ¶ 4, Defendants admit that Defendant Maria Wise, Ed. D (hereinafter "Dr. Wise"), has since April 23, 2016 served as the Vice President of Academic and Student Affairs and Title IX Coordinator at GateWay Community College ("GateWay"). The remaining allegations of ¶ 4 under PARTIES are denied.

6. In response to the allegations under PARTIES, p. 2, ¶ 5, Defendants admit that since September 12, 2016 Defendant Vivian Miranda-Wendelken (who was formerly known as Vivian Miranda-Strawbridge) (hereinafter "Dr. Miranda") served as GateWay's Dean of Student Success and Retention. The remaining allegations of ¶ 5 under PARTIES are denied.

7. In response to the allegations under PARTIES, p. 3, ¶ 6, Defendants admit the allegations as it relates to the District but deny the allegations as to Dr. Wise or Dr. Miranda.

8. In response to the allegations under PARTIES, p. 3, ¶ 7, Defendants admit the allegations. Defendants affirmatively allege that Plaintiff served as the Disability Resources and Services ("DRS") Manager at GateWay Community College's main Washington campus.

9. In response to the allegations under GENERAL ALLEGATIONS, ¶ 4, Defendants admit that as of the time of the filing of the Complaint Plaintiff was an employee of the District.

10. In response to the allegations under GENERAL ALLEGATIONS, ¶ 5, Defendants deny the allegations.

1  11.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 6,
2 Defendants deny the allegations.
3  12.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 7,
4 Defendants deny the allegations.
5  13.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 8,
6 Defendants deny the allegations.
7  14.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 9,
8 Defendants deny the allegations.
9  15.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 10,
10 Defendants deny the allegations.
11  16.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 11,
12 Defendants deny the allegations.
13  17.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 12,
14 Defendants deny the allegations.
15  18.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 13,
16 Defendants deny the allegations.
17  19.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 14,
18 Defendants deny the allegations.
19  20.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 15,
20 Defendants deny the allegations.
21  21.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 16,
22 Defendants deny the allegations.
23  22.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 17,
24 Defendants deny the allegations.
25  23.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 18,
26 Defendants deny the allegations.
27  24.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 19,
28 Defendants admit that a portion of Administrative Regulation 2.8.1 is accurately quoted.

25. In response to the allegations under GENERAL ALLEGATIONS, ¶ 20, Defendants deny the allegations.

26. In response to the allegations under GENERAL ALLEGATIONS, ¶ 21, Defendants deny the allegations.

27. In response to the allegations under GENERAL ALLEGATIONS, ¶ 22, Defendants admit a meeting was held involving Plaintiff, Dr. Wise and Dr. Miranda, and deny the remaining allegations.

28. In response to the allegations under GENERAL ALLEGATIONS, ¶ 23, Defendants admit that without following the proper procedures to hire a part-time employee (called a RPS employee), Plaintiff improperly purported to hire a person and such person worked for one day before the error was discovered. Defendants deny the remaining allegations.

29. In response to the allegations under GENERAL ALLEGATIONS, ¶ 24 and 25, Defendants deny the allegations.

30. In response to the allegations under GENERAL ALLEGATIONS, ¶ 26, Defendants deny the allegations and assert any statement by the District's attorney to an employee seeking legal advice would be privileged.

31. In response to the allegations under GENERAL ALLEGATIONS, ¶ 27, Defendants lack sufficient information to form a belief about the truth to form a response to the allegations and, therefore, deny such allegations.

32. In response to the allegations under GENERAL ALLEGATIONS, ¶ 28, Defendants deny the allegations.

33. In response to the allegations under GENERAL ALLEGATIONS, ¶ 29, Defendants deny the allegations.

34. In response to the allegations under GENERAL ALLEGATIONS, ¶ 30, Defendants admit that on or about January 20, 2016 Dr. James Baugh called and spoke with Plaintiff on the phone regarding a disabled student's accommodation, that a portion of the conversation was audible to Cynthia ("Cindi") Tanner ("Tanner") and Zach

Rivenbach, and those individuals signed statements regarding what occurred. Defendants lack sufficient information to form a belief about the truth regarding the remaining allegations and, therefore, deny such allegations.

35. In response to the allegations under GENERAL ALLEGATIONS, ¶ 31, Defendants admit that Dr. Baugh went to Plaintiff's office after the phone called ended. Defendants lack sufficient information to form a belief about the truth regarding the remaining allegations and, therefore, deny such allegations.

36. In response to the allegations under GENERAL ALLEGATIONS, ¶ 32, Defendants deny the allegations.

37. In response to the allegations under GENERAL ALLEGATIONS, ¶ 33, Defendants deny the allegations.

38. In response to the allegations under GENERAL ALLEGATIONS, ¶ 34, Defendants deny the allegations.

39. In response to the allegations under GENERAL ALLEGATIONS, ¶ 35, Defendants admit on or about March 22 or 23, 2016 Plaintiff suffered a myocardial infarction for which he was hospitalized. Defendants deny the remaining allegations.

40. In response to the allegations under GENERAL ALLEGATIONS, ¶ 36, Defendants deny the allegations.

41. In response to the allegations under GENERAL ALLEGATIONS, ¶ 37, Defendants admit that Dr. Wise indicated that to Plaintiff and Dr. Frank Zamora that the either DRS or Counseling could move to new space on the main Washington campus, that both agreed that Counseling would relocate with the permission of the GateWay Executive Team ("GET"), and that plans were drawn up and approved by GET for the relocation, remodeling of the new space and for use of new office furniture.

42. In response to the allegations under GENERAL ALLEGATIONS, ¶ 38, Defendants deny the allegations. Defendants affirmatively allege that before he stopped working on February 6, 2017, Plaintiff never provided a completed proposal with the

required information, so the proposal could not be provided to GET for its decision on the proposal.

43. In response to the allegations under GENERAL ALLEGATIONS, ¶ 39, Defendants admit that Dr. Miranda informed Plaintiff on January 10, 2017 that Counseling's old furniture was to be removed from two rooms previously occupied by Counseling and given to two other departments pursuant to instructions from GET and/or the Vice President in charge of facilities. Defendants deny the remaining allegations.

44. In response to the allegations under GENERAL ALLEGATIONS, ¶ 40, Defendants admit that the Vice President Anthony ("Toni") Asti, who oversees all facilities at GateWay, spoke with Plaintiff regarding the space vacated by Counseling. Defendants deny all remaining allegations.

45. In response to the allegations under GENERAL ALLEGATIONS, ¶ 41, Defendants admit that Vice President Asti asked Tanner to see that the few DRS items and/or equipment were removed from rooms previously occupied by Counseling, so that the rooms could be refurbished for future use to be determined by GET.

46. In response to the allegations under GENERAL ALLEGATIONS, ¶ 42, Defendants deny the allegations.

47. In response to the allegations under GENERAL ALLEGATIONS, ¶ 43, Defendants lack sufficient information to form a belief about the truth as to the allegations and, therefore, denies the allegations.

48. In response to the allegations under GENERAL ALLEGATIONS, ¶ 44, Defendants deny the allegations. Defendants affirmatively allege Plaintiff missed mandatory all employee meetings, although Plaintiff indicated he went to the Dentist that day.

49. In response to the allegations under GENERAL ALLEGATIONS, ¶ 45, Defendants lack sufficient information to form a belief about the truth regarding

Plaintiff's allegation he suffered a nervous breakdown and, therefore, denies such allegation. Defendants deny all remaining allegations.

50. In response to the allegations under GENERAL ALLEGATIONS, ¶ 46, Defendants admit that with the agreement of ASU three interns were placed in departments other than DRS as those interns were not capable of obtaining the learning experience in DRS due to the nature of the DRS office and the interns' disabilities. Defendants deny the remaining the remaining allegations.

51. In response to the allegations under GENERAL ALLEGATIONS, ¶ 47, Defendants admit that Plaintiff served as the Field Supervisor for the ASU Internship program/partnership with ASU's School of Social Work and that such program had provided interns for DRS. Defendants deny the remaining the remaining allegations and affirmatively allege that with the consent of ASU three interns were placed in other departments due to the nature of the DRS office and the interns' disabilities.

52. In response to the allegations under GENERAL ALLEGATIONS, ¶ 48, Defendants admit the allegations.

53. In response to the allegations under GENERAL ALLEGATIONS, ¶ 49, Defendants admit that that with the consent of ASU three interns were placed in other departments due to the nature of the DRS office and the interns' disabilities. Defendants deny the remaining allegations.

54. In response to the allegations under GENERAL ALLEGATIONS, ¶ 50, Defendants deny the allegations.

55. In response to the allegations under GENERAL ALLEGATIONS, ¶ 51, Defendants admit that Dr. Wise, the ASU Interns, Dr. Miranda, Tanner, and Tom Haines the liaison from ASU attended a meeting on February 15, 2017. Defendants deny the remaining allegations and affirmatively allege that ASU did not terminate the ASU Internship program but agreed to continue it and to have three interns work for other departments due to the nature of the DRS office and the interns' disabilities. Defendants affirmatively allege that at the request of GateWay one ASU Intern was

7

removed from the program and that the other three ASU Interns completed working at DRS under the program.

56. In response to the allegations under GENERAL ALLEGATIONS, ¶ 52, Defendants admit that on February 6, 2017 Plaintiff went home saying he felt sick and has not returned to GateWay since that time. Defendants deny the remaining allegations.

57. In response to the allegations under GENERAL ALLEGATIONS, ¶ 53, Defendants admit that as part of an US Department of Education's Office of Civil Rights ("OCR") proceeding on February 6, 2017 GateWay entered into a Resolution Agreement with the OCR. Defendants deny all remaining allegations.

58. In response to the allegations under GENERAL ALLEGATIONS, ¶ 54, Defendants admit that as of February 6, 2017 Dr. Miranda was serving as the acting DRS Manager in Plaintiff's absence. Defendants deny the remaining allegations.

59. In response to the allegations under GENERAL ALLEGATIONS, ¶ 55, Defendants admit that Dr. Miranda met on February 27, 2017 with Tanner and stated, among the many matters discussed at the meeting, to Tanner that Plaintiff had a heart attack before Dr. Miranda even arrived at GateWay. Defendants deny the remaining allegations.

60. In response to the allegations under GENERAL ALLEGATIONS, ¶ 56, Defendants admit that Dr. Miranda requested that Tanner, who was the DRS Office Coordinator II who worked closely with Plaintiff, provide any items or tasks she was aware of that Plaintiff had indicated needed to be done in DRS but had not yet been completed.

61. In response to the allegations under GENERAL ALLEGATIONS, ¶ 57, Defendants deny the allegations.

62. In response to the allegations under GENERAL ALLEGATIONS, ¶ 58, Defendants admit that at the February 15, 2017 meeting regarding the ASU internship program Dr. Miranda indicated that Plaintiff missed a deadline for inclusion of a

8

1 completed Area Usage proposal for the upcoming weekly GET meeting. Defendants 2 admit that at such meeting Dr. Wise explained at the meeting GET approval was 3 required and the process for getting such approval of a completed proposal involved 4 Plaintiff providing it to Dr. Miranda, then it goes to Dr. Wise, and then to GET for a 5 determination. Defendants deny the remaining allegations.

6  63.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 59, Defendants admit that in early April 2017 Dr. Miranda indicated he District was in the process of offering a position for someone to serve as a temporary DRS Manager, over not just the main Washington campus where Plaintiff worked but over the two sister campuses as their DRS Manager positions were vacant, who would use the manager's office in DRS and requested that Tanner remove the very few personal items belonging to Plaintiff who was not expected to return for approximately two months and have them stored. Defendants deny the remaining allegations.

64.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 60, Defendants admit that such request was part of an e-mail exchange between Dr. Miranda and Tanner.

65.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 61, Defendants admit that Dr. Miranda advised Tanner that two offices vacated by Counseling were going to be used by another department and that DRS was subject to the same facility usage process as all other departments. Deny the remaining allegations.

66.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 62, Defendants admit that Dr. Miranda expressed her opinion to Tanner that the DRS Manager's office should be where Plaintiff had his office previously, so he could see what was going on at the DRS front counter and most of the DRS area. Defendants deny the remaining allegations.

67.  In response to the allegations under GENERAL ALLEGATIONS, ¶ 63, Defendants deny the allegations.

68. In response to the allegations under GENERAL ALLEGATIONS, ¶ 64, Defendants deny the allegations.

69. In response to the allegations under GENERAL ALLEGATIONS, ¶ 65, Defendants deny the allegations.

70. In response to the allegations under GENERAL ALLEGATIONS, ¶ 66, Defendants deny the allegations.

71. In response to the allegations under GENERAL ALLEGATIONS, ¶ 67, Defendants admit Plaintiff has had communications with Rebecca Currey (an Assistant General Counsel for the District), Jo Ann Pina (Coordinator for ADA and Diversity HR Solutions Center Inclusion Team), and Catherine Hernandez (Classified Staff Council representative) on various dates. Defendants admit that in January 2017 Plaintiff communicated with Pina and a GateWay HR representative regarding his work environment as he saw it and possible ADA coverage for him. Defendants deny the remaining allegations.

72. In response to the allegations under GENERAL ALLEGATIONS, ¶ 68, Defendants deny hostile treatment of Plaintiff by District faculty or administration. Defendants lack sufficient information to form a belief about the truth as to the remaining allegations and, therefore, deny the remaining allegations.

73. Except to the extent expressly admitted herein Defendants deny every allegation of the Complaint, express or implied, singularly or in combination, in JURSIDICTION ¶ 1-3, PARTIES ¶ 1-7, and GENERAL ALLEGATIONS ¶ 4-68.

**FIRST CLAIM FOR RELIEF**

74. In response to the allegations under the FIRST CLAIM FOR RELIEF, ¶ 69, Defendants incorporate their prior admissions, denials and responses to the allegations found in JURSIDICTION ¶ 1-3, PARTIES ¶ 1-7, and GENERAL ALLEGATIONS ¶ 4-68.

75. In response to the allegations under the FIRST CLAIM FOR RELIEF, ¶ 70, Defendants acknowledge the allegations although they deny that the claim is valid. No further response appears to be called for in response to such allegations.

76. In response to the allegations under the FIRST CLAIM FOR RELIEF, ¶ 71, Defendants acknowledges 42 U.S.C. § 12203(a), which is part of the ADA, and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The Defendants deny that the District violated such statute.

77. In response to the allegations under the FIRST CLAIM FOR RELIEF, ¶ 72, Defendants acknowledges 42 U.S.C. § 12203(b), which is part of the ADA, and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The Defendants deny that the District violated such statute.

78. In response to the allegations under the FIRST CLAIM FOR RELIEF, ¶ 73, Defendants deny the allegations.

79. In response to the allegations under the FIRST CLAIM FOR RELIEF, ¶ 74, Defendants deny the allegations.

80. In response to the allegations under the FIRST CLAIM FOR RELIEF, ¶ 75, Defendants deny the allegations.

81. Except to the extent expressly admitted herein Defendants deny every allegation of the First Claim for Relief of the Complaint, express or implied, singularly or in combination, in JURSIDICTION ¶ 1-3, PARTIES ¶ 1-7, GENERAL ALLEGATIONS ¶ 4-68, and FIRST CLAIM OF RELIEF ¶ 69-75.

## **SECOND CLAIM FOR RELIEF**

82. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 76, Defendants incorporate their prior admissions, denials and responses TO the allegations found in JURSIDICTION ¶ 1-3, PARTIES ¶ 1-7, GENERAL ALLEGATIONS ¶ 4-68, and FIRST CLAIM OF RELIEF ¶ 69-75.

83. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 77, Defendants acknowledge the allegations although they deny that the claim is valid. No further response appears to be called for in response to such allegations.

84. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 78, Defendants admit that the elements of the tort of intentional infliction of emotional distress are set forth in case law. The Defendants deny that they committed this tort. Defendants deny all remaining allegations.

85. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 79, Defendants deny the allegations.

86. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 80, Defendants deny the allegations.

87. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 81, Defendants deny the allegations.

88. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 82, Defendants deny the allegations.

89. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 83, Defendants acknowledge the doctrine of respondeat superior is as set forth in case law. Defendants deny all remaining allegations.

90. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 84, Defendants admit that Dr. Wise and Dr. Miranda were acting in the course and scope of their employment regarding any involvement in the relocation of Plaintiff's office from an unauthorized office formerly used by Counseling and back to the location where Plaintiff had his office before Counseling vacated its space near DRS. Defendants admit that Dr. Wise and Dr. Miranda were acting in the course and scope of their employment regarding their work-related comments.

91. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 85, Defendants admit that the relevant actions, omissions and statements of Dr. Wise and Dr. Miranda were made during their working hours, within their typical

managerial/supervisory duties and were in furtherance of the District's interest in furtherance of their respective positions. Defendants deny such actions, omissions or statements previously alleged and which Defendants previously denied.

92. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 86, Defendants deny the allegations.

93. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 87, Defendants deny the allegations.

94. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 88, Defendants deny the allegations.

95. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 89, Defendants deny the allegations.

96. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 90, Defendants deny the allegations.

97. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 91, Defendants deny the allegations.

98. In response to the allegations under the SECOND CLAIM FOR RELIEF, ¶ 92, Defendants deny the allegations.

99. Except to the extent expressly admitted herein Defendants deny every allegation of the Second Claim for Relief of the Complaint, express or implied, singularly or in combination, in JURSIDICTION ¶ 1-3, PARTIES ¶ 1-7, GENERAL ALLEGATIONS ¶ 4-68, FIRST CLAIM OF RELIEF ¶ 69-75, and SECOND CLAIM FOR RELIEF ¶ 76-92.

**THIRD CLAIM FOR RELIEF**

100. In response to the allegations under the THIRD CLAIM FOR RELIEF, ¶ 93, Defendants incorporate their prior admissions, denials and responses TO the allegations found in JURSIDICTION ¶ 1-3, PARTIES ¶ 1-7, GENERAL ALLEGATIONS ¶ 4-68, FIRST CLAIM OF RELIEF ¶ 69-75, and SECOND CLAIM FOR RELIEF ¶ 76-92.

101. In response to the allegations under the THIRD CLAIM FOR RELIEF, ¶ 94, Defendants acknowledge the allegations although they deny that the claims are valid. No further response appears to be called for in response to such allegations.

102. In response to the allegations under the THIRD CLAIM FOR RELIEF, ¶ 95, Defendants admit that Plaintiff began FMLA leave on February 6, 2017 and remained on FMLA leave through June 30, 2017, except for two weeks when Plaintiff was on other leaves associated with the death of his grandson. Defendants deny the remaining allegations.

103. In response to the allegations under the THIRD CLAIM FOR RELIEF, ¶ 96, Defendants acknowledges 29 U.S.C. § 2614, which is part of the FMLA, and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations, and case law. The Defendants deny that the District violated such statute. Defendants affirmatively allege that at the expiration of his FMLA statutory leave on or about June 30, 2017, Plaintiff was unable to work or perform the essential functions of his position and the District was not required to reinstate him as provided in 29 C.F.R. § 825.216(c) and by case law.

104. In response to the allegations under the THIRD CLAIM FOR RELIEF, ¶ 97, Defendants deny the allegations. Defendants affirmatively allege Plaintiff's position was not filled by anyone else and remains open.

105. In response to the allegations under the THIRD CLAIM FOR RELIEF, ¶ 98, Defendants deny the allegations.

106. In response to the allegations under the THIRD CLAIM FOR RELIEF, ¶ 99, Defendants deny the allegations. Defendants affirmatively allege that it has engaged in the interactive process with Plaintiff, that no equivalent vacant positions were available, and the District identified at least two other positions which were vacant and for which Plaintiff was qualified, but that Plaintiff declined to pursue those positions due to the reduced rate of pay. Defendants further affirmatively allege that Plaintiff and his counsel indicated Plaintiff was unwilling to work at GateWay in any position.

107. In response to the allegations under the THIRD CLAIM FOR RELIEF, ¶ 100, Defendants deny the allegations.

108. Except to the extent expressly admitted herein Defendants deny every allegation of the Third Claim for Relief of the Complaint, express or implied, singularly or in combination, in JURSIDICTION ¶ 1-3, PARTIES ¶ 1-7, GENERAL ALLEGATIONS ¶ 4-68, FIRST CLAIM OF RELIEF ¶ 69-75, SECOND CLAIM FOR RELIEF ¶ 76-92, and THIRD CLAIM FOR RELIEF ¶ 93-100.

## **AFFIRMATIVE DEFENSES**

109. Defendants affirmatively allege the Complaint and each claim for relief fails to state a valid claim upon which relief can be granted.

110. Defendants affirmatively allege that Plaintiff's state law claims may be barred in whole or in part for the failure to timely comply with the notice of claim statute, A.R.S. § 12-821.01, having filed his initial notice on June 29, 2017 making any claim which accrued on or before December 30, 2016 barred.

111. Defendants affirmatively allege that Plaintiff's state law claims may be barred in whole or in part for the failure to timely file within the one-year statute of limitations, A.R.S. § 12-821, having filed his action on February 23, 2018 making any claim which accrued on or before February 22, 2017 barred.

112. Defendants affirmatively allege that any claim for punitive damages is barred pursuant to A.R.S. § 12-820.04 and/or 42 U.S.C. § 1981a.

113. Defendants affirmatively allege that any claim for damages or equitable relief under the ADA or the Rehabilitation Act is subject to the limitations set forth in 42 U.S.C. § 1981a.

114. Defendants affirmatively allege that statements regarding Plaintiff are or may be privileged under the First Amendment, the Arizona Constitution, and the common law and they did not utter such statements with actual malice as defined in court cases.

115. Defendants affirmatively allege that statements regarding Plaintiff were true or substantially true which is a complete defense

116. Defendants affirmatively allege that Plaintiff's claims which are based upon statements made regarding Plaintiff are subject to the framework and standards for a defamation action under the First Amendment, the Arizona Constitution, and the common law.

117. Defendants affirmatively allege that Plaintiff's claim for infliction of emotional distress may be barred under Arizona's workers compensation statutes

118. Defendants affirmatively allege that it would have taken the same action towards Plaintiff without regard to any alleged unlawful criteria or protected activity

119. Defendants affirmatively allege that the District exercised care in preventing and correcting promptly any alleged discrimination, and Plaintiff's claims may be barred or limited due to his failure to utilize the policies and procedures offered by the District for dealing internally with alleged discriminatory acts, hostile working environments, and retaliation.

120. Defendants affirmatively allege that Defendants had legitimate non-discriminatory and non-retaliatory reasons for all decisions and actions regarding Plaintiff.

121. Defendants affirmatively allege Plaintiff has and/or may have failed to mitigate or avoid his damages.

122. Defendants affirmatively allege Plaintiff's retaliation claim may be barred in part due to laches because of his unreasonable delay in asserting his claim or allegations.

123. Defendants affirmatively allege Plaintiff's claims may be barred in part due to estoppel and/or waiver.

124. Defendants affirmatively allege that regarding some of his claims Plaintiff failed to timely exhaust his administrative remedy before the EEOC and so this Court lacks jurisdiction over such claims.

16

125. Defendants affirmatively allege that Plaintiff assumed the risk and/or was at fault for some of his damages which should reduce any recovery under state law pursuant to A.R.S. § 12-2506.

126. Defendants affirmatively allege joint and several liability has been abolished and each party is liable only for their or their employees' fault pursuant to A.R.S. § 12-2506.

127. Defendants affirmatively allege Dr. Wise and Dr. Miranda acted in good faith and did not violate clear law, so they are protected by qualified immunity.

128. Defendants affirmatively allege that the District is absolutely immune pursuant to A.R.S. § 12-820.01 for some of the matters alleged by Plaintiff in the state law claim.

129. Defendants affirmatively allege that they may be entitled to recover their reasonable attorney's fees, expert witness fees, costs, and/or expenses pursuant to A.R.S. § 12-341.01, 28 U.S.C. § 1927, 29 U.S.C. § 2617, 42 U.S.C. § 1988, and/or 42 U.S.C. § 12205.

130. Defendants affirmatively allege that they may be entitled to recover their taxable costs incurred in this action.

## **DEMAND FOR A JURY TRIAL**

The Defendants hereby request a jury trial on all issues triable to a jury.

. . .

. . .

Wherefore, the Defendants having answered the allegations of the Complaint, pray that this action be dismissed with prejudice and Plaintiff taking nothing; that this Court deny any request for injunctive relief; award the Defendants their reasonable attorney's fees incurred in defending this action; award the Defendants their taxable costs incurred in defending this action; and for such other and further relief as this Court deems just and proper.

DATED: April 16, 2018.

UDALL SHUMWAY PLC

/s/ David R. Schwartz
David R. Schwartz
Kimberly R. Davis
1138 North Alma School Road
Suite 101
Mesa, AZ 85201
Attorneys for Defendant Maricopa County Community College District, Wise and Miranda

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2018, I electronically lodged the attached document using Turbo Court for filing and transmitted the document as stated below:

Via regular mail to:

Israel G. Torres
James E. Barton, II
Saman Golestan
TORRES LAW GROUP, PLLC
2239 W. Baseline Rd.
Tempe, AZ 85283
Attorneys for Plaintiff

   /s/ Kimberly Kershner

5155256.1
109883.024