# EXHIBIT 1



Israel G. Torres
James E. Barton II
Saman J. Golestan

May 29, 2018

**VIA Email & Hand delivery**
David R. Schwartz
UDALL SHUMWAY
1138 North Alma School Road, Suite 101
Mesa, Arizona 85201

*Re: James Rogers v. Maricopa County Community College District*

David,

    This letter responds to your April 27, 2018, correspondence reiterating your request that Mr. Rogers reconsider three claims in his complaint. We maintain that the District's violation of FMLA aggravated Mr. Rogers' distress caused by the District's retaliation. The violations were not *de minimis*, and the claim is not frivolous. The District's failure to accommodate Mr. Rogers is reasonably related to the allegations made to the EEOC and in his notice of claim, thus that charge is not frivolous. Finally, his claim for intentional infliction of emotional distress is related to the conduct occurring after February 22, 2017—including the District's violation of FMLA and failure to accommodate. Thus, this claim is not time barred.

<u>The District Interfered with Mr. Rogers' Exercise of His Rights under FMLA</u>.

    "To protect the employee, FMLA prohibits interference with the exercise of the employee's right to take leave." *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1132–33 (9th Cir. 2003) (citing 29 U.S.C. § 2615(a)). After the District succeeded in chasing Mr. Rogers from his post as DRS Manager, it took steps to ensure that he did not come back. These steps are detailed in our Notice of Claim, charging letter to the EEOC, and Complaint filed in this case. They will be spelled out more thoroughly in our opposition to the imminent motion for partial summary judgment, but include the administration announcing to his friend and colleague Cindi Tanner that he was being replaced directing her to clean out his office, which the administration knew she would relay to Mr. Rogers.

    We certainly believe an issue of fact remains as to whether these actions that occurred while he was on FMLA leave interfered with his exercise of the leave. *See, e.g., Foraker v. Apollo Group, Inc.*, 427 F. Supp. 2d 936, 943 (D. Ariz. 2006), *aff'd*, 302 Fed. Appx. 591 (9th Cir. 2008). Furthermore, the evidence described within the Notice of Claim describes the steps taken immediately after Mr. Rogers' taking of leave exacerbated his work related PTSD. Thus, the fact that after twelve weeks Mr. Rogers was not able to

return to work does not exonerate the District from its FMLA violations—and certainly does not do so as a matter of law.

### Failure to Accommodate Is Reasonably Related to Charges Raised with EEOC

The heart of the District's failure to accommodate Mr. Rogers is that the District kept him in an environment in which he experienced dramatic hostility from his supervisors. An integral part of Mr. Rogers' retaliation claim is that he was punished for doing his job as DRS Manager and that his punishment was to be perpetually subjected to hostility from the administration. The administration's not allowing him to transfer to another position, which is the accommodation he was seeking, was key to all of his claims against the District. *Cf. E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) ("Because the layoff was an integral part of Farmer Bros.'s discriminatory scheme, it was reasonably related to Estrada's charge of discriminatory failure to recall or to rehire.")

The charge filed with the EEOC contains numerous references to this conduct, and references issues related to his returning to work. For example, on the bottom of page 3 the charge provides that, "[t]he calculated public humiliation of stripping the DRS offices of their furniture" as actions leading to his nervous breakdown. Similarly, on page 4, the EEOC charge explains that Defendants "directed Ms. Tanner to remove Mr. Rogers' personal things from his office and store them in room IE 1204," again indicating that Mr. Rogers complaint was based in part on the District pushing him out of his job and not providing him with an alternative arrangement. The allegations that relate to pushing Mr. Rogers out of his position continue from page 4 onto page 5 and are plainly alleged in the concluding paragraphs of the charge. They are made even more plain in the June 29, 2017 Notice of Claim where interference with rights under FMLA is explicitly alleged.

If the accommodation that Mr. Rogers was seeking was something other than being spared the aggressive hostility from his supervisors in retaliation for raising ADA claims, the claim that he failed to exhaust his administrative remedies would be more clear. Given the specifics of this case, Mr. Rogers' ADA accommodation count is reasonably related to facts raised in the EEOC charge, and has been exhausted.

### The IIED Claim is Based on Events that Occurred after February 23, 2017

The violations of FMLA and the administration's continued refusal to accommodate Mr. Rogers are examples of conduct that continue to cause Mr. Rogers emotional distress after he went on leave from the District. Although the intentional infliction of emotional distress is not treated as a continuing tort when the defendant is a public employee, that does not mean the Court needs to ignore the context of actions in light of behavior that existed prior. The administration literally drove Mr. Rogers to a heart attack less than a year prior to these most recent attacks. The court will be permitted to consider this context in considering whether Mr. Rogers has stated a claim for IIED.

Yours,

James E. Barton II

# UDALL|SHUMWAY
COUNSELORS AT LAW SINCE 1965

WRITER'S DIRECT LINE: 480-461-5325
EMAIL: das@udallshumway.com

April 27, 2018

**VIA EMAIL AND REGULAR MAIL**
James E. Barton, II
TORRES LAW GROUP, PLLC
2239 W. Baseline Rd.
Tempe, AZ 85283

  Re: James Rogers v. Maricopa County Community College District

Dear Jim:

  Although the Case Management Order has not yet been entered, Judge Snow's standard order requires the parties to exchange two-page letters before the filing of a summary judgment motion. I have previously written you on the first two issues in more detail.

  The FMLA claim (Third Claim for Relief) is frivolous in my opinion because your client exhausted his 12 weeks of FMLA leave on or about June 30, 2017. An employee is not entitled to reinstatement under the FMLA to his old position or an equivalent position if they are not able to return to work by the exhaustion of the FMLA leave. *Jackson v. Simon Property Group, Inc.*, 795 F. Supp. 2d 949, 960-961 (N.D. Cal. 2011); 29 C.F.R. § 825.216(c). Plaintiff was unable to return to work and perform any functions throughout 2017 based upon the doctor's certifications and letters he submitted.

  Although there is no FMLA violation for changes to an employee's position while they are on leave, as they can be placed in an equivalent position, the changes must be more than diminimis to be considered a potential violation. The allegations that putting Plaintiff's personal items in storage and moving his office within the DRS space have repeatedly been held to be deminimis changes. *Bozarth v. Sunshine Chevrolet-Oldsmobile of Tarpon Springs, Inc.*, 2010 WL 1085720, * 12 (M.D. Fla. 2010). While even replacing an employee is not a per se violation, *Brown v. JC Penney Corp.*, 924 F. Supp. 1158, 1163 (S.D. Fla. 1996), Plaintiff was not ever replaced, and Plaintiff's position remained open even through today. The other person was hired as DRS Manager for the sister campuses, while Plaintiff was at the main Washington campus. There was no permanent restructuring of the ASU Internship program, but someone had to take over in Plaintiff's absence. While 3 ASU

UDALL|SHUMWAY
COUNSELORS AT LAW SINCE 1965

April 27, 2018
Page 2

Interns were placed in other departments this was done because they were so profoundly disabled they could not function and learn in DRS. You know that from your other client, Cynthia Tanner (see MCCCD-T 3256 – 3259).

The ADA discrimination claim (Third Claim for Relief) based upon the alleged denial of reasonable accommodation should also be dismissed. While there is no substantive merit to the ADA claim regarding the reasonable accommodation of reassignment, our motion will address the failure to exhaust the administrative remedy before the EEOC before suit was filed. This is a requirement for an ADA claim. *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006). In assessing whether a claim was brought before the EEOC, incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are" like or reasonably related to the allegations contained in the EEOC charge." *Green v. Los Angeles Cnty. Superintendent of Sch.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989). A plaintiff's claims are reasonably related to allegations in the charge "to the extent that those claims are consistent with the plaintiff's original theory of the case," as reflected in the plaintiff's factual allegations and his assessment as to why the employer's conduct is unlawful. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002).

Your client's charge of discrimination filed on October 24, 2017, even including the attached September 8, 2017 letter, did not address anything about Plaintiff's return to work. That is understandable because he was not yet cleared to return to work and wouldn't be for several more months. The EEOC at your request even issued its right to sue on November 30, 2017 before Plaintiff was cleared to return to work.

Finally, the motion will address that the infliction of emotional distress (Second Claim for Relief) is barred in whole or in part under the one-year statute of limitation, A.R.S. § 12-821, meaning any acts or omissions on or before February 22, 2017 are barred. Plaintiff left on February 6, 2017 and never returned. Plaintiff's March 2016 heart attack, the subsequent cardiac events, and the nervous breakdown alleged in the Complaint all were while Plaintiff was working (meaning before February 22, 2017) and this was documented in the first certification of incapacity submitted on February 17, 2017 from Plaintiff's doctor. There is no allegation Dr. Wise did anything after February 6. The few statements alleged post-leave by Dr. Miranda were not made to your client and were not actionable as they related to work place criticisms.

Finally, the notice of claim letter was submitted on June 29, 2017, which means that any claims accruing on or before December 31, 2016 are barred under A.R.S. § 12-821.01(A). The notice of claims statute has its own accrual provisions and the continuing tort theory does not apply. *Watkins v. Arpaio*, 239 Ariz. 168, ¶ 12-14, 367 P.3d 72 (App. 2013).

UDALL|SHUMWAY
COUNSELORS AT LAW SINCE 1965

April 27, 2018
Page 3

       Please provide us with your two-page response.

                                  Very truly yours,

                                  David R. Schwartz

cc: MCCCD (via e-mail)

5155314.1
109883.024