UDALL | SHUMWAY
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

David R. Schwartz - #009264
das@udallshumway.com
Kimberly R. Davis - #030210
krd@udallshumway.com
Attorneys for Defendant Maricopa
County Community College District
Maria Wise and Vivian Miranda

**UNITED STATES DISTRICT COURT**

**DISRICT OF ARIZONA**

| | |
|---|---|
| James Rogers and Judy Ellen Rogers,<br><br>Plaintiffs,<br><br>v.<br><br>Maricopa County Community College District, a political subdivision of Arizona; Maria Wise, an individual; and Vivian Miranda-Strawbridge, an individual,<br><br>Defendants. | NO. **CV 2018-00605 PHX-GMS**<br><br>**STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendants Maricopa County Community College District ("District"), Maria Wise, and Vivian Miranda-Wendelken (incorrectly named in the caption as Vivian Miranda-Strawbridge her former name) submit this statement of facts in support of motion for partial summary judgment. The facts are stated in the light most favorable to Plaintiff and may not be the true facts. Defendants reserve the right to challenge any fact stated herein in connection with any other motion or at any hearing or trial:

1.      The District is a political subdivision of the State of Arizona created pursuant to A.R.S. § 15-1402(A). (Judicial Notice)[1] (Dkt 1, Complaint, p. 2, Parties, ¶ 2)

---

[1] This Court can take judicial notice of state statutes and their legislative history. *Chaker v. Crogan*, 428 F.3d 1215, 1223 n. 8 (9th Cir. 2005); *Kelleher v. Kelleher*, 2014

2.      Plaintiff James Rogers (hereinafter "Plaintiff") was employed at GateWay Community College ("GateWay"), one of the colleges operated by the District, as the Coordinator of Student Success Programs in charge of the Disability Resources & Services ("DRS") office at GateWay's main Washington campus.  In that position he was responsible for identifying student needs relating to disability – through interviews, documentation, and perceived discrimination – and providing mandatory services, including issuing accommodations, and serving as an advocate for disabled students. (Ex. 2, Castellanos declaration ¶ 4, 14 and ex. H) (Dkt 1, Complaint, p. 3, General Allegations, ¶ 5)

3.      Defendant Maria Wise (hereinafter "Dr. Wise") is and was the Vice President of Academic & Student Affairs at GateWay.  (Dkt 1, Complaint, p. 2, Parties, ¶ 4)

4.      Defendant Vivian Miranda-Wendelken ("Dr. Miranda") is the Dean of Student Services & Retention at GateWay.  Dr. Miranda directly supervised Plaintiff and the DRS office.  Dr. Miranda began working at GateWay on September 12, 2016. Dr. Miranda's immediate supervisor at GateWay was and is Dr. Wise.  (Dkt 1, Complaint, p. 2, Parties, ¶ 5) (Ex. 1, Miranda declaration ¶ 2-6)

5.      The actions of Dr. Wise and Dr. Miranda alleged by Plaintiff were performed in the course and scope of their employment with the District.  (Dkt 1, Complaint, p.14, General Allegations, ¶ 84)

6.      Prior to March 23, 2016, Plaintiff was allegedly subjected to a hostile work environment by faculty and administrators.  Plaintiff claims he told GateWay President Gonzales in late January and early February 2016 what was happening, and that he was allegedly told that nothing would change the faculty's attitude.  (Dkt 1, Complaint, p.7, General Allegations, ¶ 14, 30-35)

---

WL 94197, *2 (N.D. Cal. 2014), *citing, Lamar v. Micou*, 114 U.S. 218, 223 (1885); Fed. R. Evid. 201.

1        7.      Prior to March 23, 2016, although previously promised a teaching job at

2   GateWay, Plaintiff was not hired to teach a social work class at GateWay by Susan

3   Mills, the Department Chair of Arts & Humanities, Social and Behavioral Sciences

4   Department, because the faculty "did not like" Plaintiff because of his role as DRS

5   Manager.  (Dkt 1, Complaint, p.7, General Allegations, ¶ 33-35)

6        8.      On or about March 23, 2016, Plaintiff suffered a heart attack because of

7   the public humiliation of not being hired to teach the social work class at GateWay and

8   the stress of the hostile working environment.   (Dkt 1, Complaint, p.7, General

9   Allegations, ¶ 32, 35)

10       9.      As of February 6, 2017, there was no person filling the position of DRS

11  Manager for GateWay's Central City or Deer Valley campuses.  (Ex. 1, Miranda

12  declaration ¶ 8)

13       10.     On February 6, 2017, Plaintiff left work indicating he did not feel well

14  and he has not returned to GateWay since that time.  Plaintiff claims he had a nervous

15  breakdown and suffered cardiovascular incidents prior to that date due to work related

16  stress.  (Ex. 1, Miranda declaration ¶ 7) (Dkt 1, Complaint, General Allegations, p. 8,

17  12, ¶ 45, 68)

18       11.     After February 6, 2017, Dr. Miranda and Dr. Wise had no direct

19  communication with Plaintiff. The Complaint does not allege any direct communication

20  by either Dr. Miranda or Dr. Wise with Plaintiff after Plaintiff stopped working.  (Ex. 1,

21  Miranda declaration ¶ 15) (Dkt 1, Complaint)

22       12.     Retroactive to February 6, 2017, Plaintiff applied for and was granted

23  FMLA leave.  One FMLA block leave requirement, which Plaintiff initialed, stated: "I

24  understand that while absent on FMLA, I am not permitted to do any work on behalf of

25  MCCCD."  Another one stated: "I understand that I am required to provide a 'Fitness

26  for duty' form prior to returning to work . . . I will provide the form to the Leaves

27  Administration office three business days prior to returning".   Plaintiff's 12 weeks of

28  FMLA leave were exhausted as of June 30, 2017 after excluding two weeks of separate

1   bereavement/catastrophic leave due to the death of Plaintiff's grandson.  Plaintiff was

2   then shifted to ADA leave because his doctors indicated that he was unable to work due

3   to physical and/or mental impairments.  (Ex. 2, Castellanos declaration ¶ 5-9 and ex. A-

4   C)

5       13.    Plaintiff's medical doctor initially certified on or about February 10, 2017

6   that Plaintiff was fully incapacitated starting February 6, 2017 and the estimated end of

7   the incapacity would be April 30, 2017. This certification was presented by Plaintiff to

8   the District and based upon it the District set May 1, 2017 as Plaintiff's initial expected

9   return to work date.  (Ex. 2, Castellanos declaration ¶ 5 and ex. A)

10       14.    On or about April 25, 2017 Plaintiff's medical doctor certified that

11   Plaintiff was fully incapacitated and he estimated Plaintiff would not return to work

12   before August 1, 2017.  This certification was presented by Plaintiff to the District and

13   based upon it the District set August 2, 2017 as Plaintiff's new expected return to work

14   date.  (Ex. 2, Castellanos declaration ¶ 6 and ex. B)

15       15.    On or about July 19, 2017 Plaintiff's psychologist wrote that Plaintiff

16   should not return to work at that time and his return to work date should be set for

17   October 1, 2017.  This certification was presented by Plaintiff to the District and based

18   upon it the District set October 2, 2017 as Plaintiff's amended expected return to work

19   date.  (Ex. 2, Castellanos declaration ¶ 10 and ex. D)

20       16.    On or about October 29, 2017, Plaintiff's psychologist indicated that

21   Plaintiff was still not ready to return to work and she could not predict when he will be

22   recovered enough to return to work.  On or about November 6, 2017, Plaintiff's

23   psychologist indicated that he was still not ready to return to work and that the goal was

24   for Plaintiff to be able to return to work on January 1, 2018.  (Ex. 2, Castellanos

25   declaration ¶ 11-12 and ex. E-F)

26       17.    The District hired a temporary employee, Jill Nico, to serve effective in

27   late June 2017 as a DRS Manager for GateWay.  This person is under a different

28   position number than Plaintiff which means her salary is paid on a different line in the

1  budget.  This person oversees the DRS office at GateWay's two sister campuses and

2  helps at the main Washington campus.  (Ex. 1, Miranda declaration ¶ 8) (Ex. 2,

3  Castellanos declaration ¶ 13-16 and ex. G-I)

4      18.    Plaintiff's position as the GateWay Coordinator of Student Success

5  Programs in charge of the DRS office at the Washington campus has remained open

6  during the entire time Plaintiff has been on leave since February 6, 2017.  Plaintiff could

7  have returned to fill his old position at any time he was able and willing to do so.  (Ex.

8  1, Miranda declaration ¶ 14) (Ex. 2, Castellanos declaration ¶ 16 and ex. I)

9      19.    As of February 6, 2017, Plaintiff's personal office was located at the far

10 end of a hallway.  While he was gone on leave, the office was not moved although Dr.

11 Miranda believed and stated it would be better if the office had a line of sight to the

12 DRS front counter and surrounding area.  (Ex. 1, Miranda declaration ¶ 11-13) (Dkt 1,

13 Complaint, General Allegations, p.11, ¶ 62)

14     20.    Plaintiff established an internship program with ASU's School of Social

15 Work whereby students would work in the DRS office at GateWay to provide a learning

16 experience for such interns.  (Dkt 1, Complaint, p. 8, General Allegations, ¶ 47)

17     21.    While Plaintiff was on leave, Rueben Saenz was substituted in for

18 Plaintiff as the temporary Field Supervisor in the ASU Internship program after Saenz

19 obtained the proper certification. Saenz has a MSW degree which was required for the

20 position.  This was done to allow the program to continue and it did continue under

21 Saenz.  If Plaintiff had returned to GateWay, he could have resumed his place as Field

22 Supervisor in the program.  (Ex. 3, Saenz declaration ¶ 3-5)

23     22.    In mid-March 2017, four ASU interns were placed into departments other

24 than DRS because they expressed the desire to work for those departments.  This was

25 done with the concurrence of ASU and after Saenz met and spoke with each ASU intern

26 as to their preference.  One of the four ASU interns who was assigned to another

27 department did later come back and work for DRS.  Two ASU interns continued to

28 work in DRS.  One ASU intern was removed from the internship program before Saenz

1    took over for Plaintiff.  Except to the extent placing interns with other departments

2    could be considered a change, no other changes were made to the ASU Internship

3    program.  (Ex. 3, Saenz declaration ¶ 6-9)

4        23.    On or about April 3 and/or 6, 2017, Dr. Miranda instructed Cindi Tanner,

5    the DRS Office Coordinator II, to remove Plaintiff's personal things (which were a

6    coffee mug, two photos in frames, and a coffee warmer) from Plaintiff's office and put

7    them into storage.  Those items could easily be replaced when Plaintiff returned to his

8    former position.  (Dkt 1, Complaint, p.11, General Allegations, ¶ 60) (Ex. 1, Miranda

9    declaration ¶ 10)

10       24.    On June 29, 2017 Plaintiff's lawyers mailed and emailed a letter which

11   indicated it was a notice of claim pursuant to A.R.S. § 12-821.01.  The letter alleged

12   claims of ADA retaliation, intentional infliction of emotional distress, and interference

13   with FMLA rights. A supplement/correction to the letter was mailed and emailed on

14   July 1, 2017.  Regarding the FMLA claim, the letter stated that Plaintiff's FMLA rights

15   were violated by the District hiring a new DRS Manager and clearing out his office

16   because it functionally made it impossible for Plaintiff to return to work.  (Ex. 4, Hong

17   declaration ¶ 2-5 and ex. A-B)

18       25.    On October 4, 2017 Plaintiff signed and filed his Charge of

19   Discrimination with the EEOC. Attached to the Charge was a letter dated September 8,

20   2017.  The charge and the attached letter allege discrimination and retaliation by the

21   faculty and administrators at GateWay.  The charge does expressly reference the alleged

22   removal of the internship program from Plaintiff's purview and the denial of the

23   opportunity to teach a course.  The charge and the letter do not mention anything about

24   Plaintiff returning to work and any alleged failure to reasonably accommodate his

25   disability when Plaintiff was able to return to work.  (Ex. 4, Hong declaration ¶ 6-7 and

26   ex. C)

27       26.    On November 6, 2017, Plaintiff submitted to the District a letter from his

28   psychologist.  Plaintiff's psychologist "strongly recommend[ed] that Mr. Rogers not

1  return to his previous job" at GateWay.  The letter indicated the goal was for Plaintiff to

2  return to work on January 2, 2018.  (Ex. 2, Castellanos declaration ¶ 12 and ex. F)

3      27.    Beginning on or about October 6, 2017, Plaintiff has worked with District

4  HR representatives, who were located at the District's administrative headquarters in

5  Tempe, regarding his potential return to work from his ADA leave.  Plaintiff has

6  continued to work with District HR in Tempe to try to locate a vacant position for which

7  he was qualified and which he wanted to pursue.  Plaintiff did not have to work with

8  anyone at GateWay regarding his return to work and possible reassignment.  (Ex. 2,

9  Castellanos declaration ¶ 17-18) (Ex. 6, Espinoza declaration ¶ 2-4)

10      28.    Plaintiff was offered but declined the opportunity to be reinstated to his

11  former position at GateWay when he was able to return to work.  (Dkt 1, Complaint,

12  p.11, General Allegations, ¶ 99)

13      29.    On November 14, 2017, Plaintiff indicated he would not return to

14  GateWay to work and his request for reasonable accommodation was to be reassigned

15  to a different college.  (Ex. 6, Espinoza declaration ¶ 5-7 and ex. A)

16      30.    On November 30, 2017, at the request of the Plaintiff, the EEOC

17  terminated its investigation and issued a right to sue letter to Plaintiff.  (Ex. 5, Schwartz

18  declaration ¶ 3 and ex. A)

19      31.    On December 21, 2017, in a phone conversation with District Associate

20  General Counsel, Plaintiff's attorney James Barton II stated that Barton believed

21  Plaintiff will never return to GateWay.  (Ex. 7, Currey declaration ¶ 3 and ex. A)

22      32.    On February 23, 2018, Plaintiff filed this action alleging claims for

23  retaliation under the ADA and the Rehabilitation Act, intentional infliction of emotional

24  distress, interference with his FMLA right to reinstatement, and failure to provide a

25  reasonable accommodation in the form of reassignment when Plaintiff was available to

26  return to work in January 2018.  (Dkt 1, Complaint)

27      33.    Plaintiff alleges that on February 13, 2017, while he was on FMLA leave,

28  Dr. Miranda made certain statements about him to Cindi Tanner, the DRS Office

1    Coordinator II.  The Complaint alleges that Dr. Miranda allegedly stated Plaintiff had

2    "gone over our heads" numerous times, referred to wrong-doing by Plaintiff and

3    indicated incorrect information was given by Plaintiff to Dr. Miranda.  These alleged

4    statements were made to sway Tanner to trust Dr. Miranda as the acting DRS Manager

5    while Plaintiff was on leave. (Dkt 1, Complaint, p. 9-10, ¶ 54)

6        34.    Plaintiff alleged that Dr. Miranda on February 27, 2017 stated to Cindi

7    Tanner that Plaintiff's health condition was something he had before Dr. Miranda came

8    to GateWay.  (Dkt 1, Complaint, p. 10, ¶ 55)[2]

9        35.    Plaintiff alleged on March 28, 2017, while at the DRS front counter, Dr.

10   Miranda claimed that Plaintiff's proposal for area usage and camera installation were

11   rejected because they were untimely.  (Dkt 1, Complaint, p. 10, ¶ 57)

12       36.    Plaintiff alleged that on April 11, 2017, Dr. Miranda stated to Cindi

13   Tanner that Dr. Miranda and Dr. Wise were mad when Plaintiff moved his office and

14   that it should be where there is a line of sight to the DRS front counter.  (Dkt 1,

15   Complaint, p. 11, ¶ 62)

16       37.    Plaintiff alleged that on May 5, 2017, Dr. Miranda stated to Cindi Tanner

17   that Plaintiff lied about the length of the 2017 class Tanner was taking at ASU being

18   only five weeks.  (Dkt 1, Complaint, p. 11-12, ¶ 63)

19       38.    Plaintiff alleged that on May 9, 2017, Dr. Miranda stated in a public

20   forum of disability professionals from throughout the District that the DRS department

21   at GateWay was dysfunctional and rife with student files without documentation.  (Dkt

22   1, Complaint, p. 12, ¶ 64)

23       39.    Plaintiff alleged that on May 11, 2017, Dr. Miranda stated to Cindi Tanner

24   that Plaintiff created practices that needed improvement, poorly managed DRS services,

25   and created an employment contract with Jessica Galarza which was improper, and

26   other failings by Plaintiff.  (Dkt 1, Complaint, p. 12, ¶ 66)

27   _____

28   [2] This was a true statement as Plaintiff had a heart attack in March 2016, and Dr.
Miranda only came to GateWay in September 2016.  (See DSOF ¶ 4, 8)

1    DATED: June 5, 2018.

2
                                    UDALL SHUMWAY PLC
3

4                                         /s/ David R. Schwartz
                                    David R. Schwartz
5                                   Kimberly R. Davis
                                    1138 North Alma School Road
6                                   Suite 101
                                    Mesa, AZ  85201
7                                   Attorneys   for   Defendant   Maricopa   County
                                    Community College District, Wise and Miranda
8

9

10                        **CERTIFICATE OF SERVICE**

11
          I hereby certify that on June 5, 2018, I electronically filed the attached document
12   using ECF for filing and transmitted the document through ECF to the following
     registered ECF users:
13

     Israel G. Torres
14   James E. Barton, II
     Saman Golestan
15   TORRES LAW GROUP, PLLC
     2239 W. Baseline Rd.
16   Tempe, AZ  85283
     Attorneys for Plaintiff
17

18

19        /s/ Kimberly Kershner

20   5153806.1
     109883.024
21

22

23

24

25

26

27

28