UDALL│SHUMWAY
COUNSELORS AT LAW SINCE 1965
1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

David R. Schwartz - #009264
das@udallshumway.com
Kimberly R. Davis - #030210
krd@udallshumway.com
Attorneys for Defendant Maricopa
County Community College District
Maria Wise and Vivian Miranda

# UNITED STATES DISTRICT COURT

# DISRICT OF ARIZONA

| | |
|---|---|
| James Rogers and Judy Ellen Rogers,<br><br>Plaintiffs,<br><br>v.<br><br>Maricopa County Community College District, a political subdivision of Arizona; Maria Wise, an individual; and Vivian Miranda-Strawbridge, an individual<br><br>Defendants. | NO. CV2018-00605 PHX-GMS<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendants Maricopa County Community College District ("District"), Maria Wise, and Vivian Miranda-Wendelken ("Miranda") submit this reply in support of their motion for partial summary judgment (Dkt 25-26). For the reasons stated in the original motion and as supplemented herein, the motion should be granted on all issues raised relating to the Second and Third Claims for Relief of the Complaint.

## I. THE FMLA CLAIM IN THE THIRD CLAIM FOR RELIEF SHOULD BE DISMISSED IN ITS ENTIRETY

The FMLA claim is frivolous and Plaintiff offers no legitimate justification for it. Plaintiff received what he was entitled to under the FMLA: 12 weeks of protected leave. (DSOF ¶ 12) Plaintiff's claim is that long after he exhausted his FMLA protected leave in January 2018, when he was cleared to return to work, he should still have been able under the FMLA to be reinstated to his old position or an equivalent one. Plaintiff does

not dispute that he was not able to perform the essential functions of his position for many months after the his FMLA leave was exhausted. (DSOF ¶ 12-16) Plaintiff does not address the case law, statutory language, or the federal regulation cited in the original motion demonstrating that because he was unable to perform essential functions of his job (for whatever reason) when his FMLA protected leave was exhausted, Plaintiff lost his FMLA right to reinstatement. *See also Hunt v. Rapides Health Care Sys.*, 277 F.3d 757, 763–64 (5th Cir. 2001) ("If an employee fails to return to work on or before the date that FMLA leave expires, the right to reinstatement also expires."). No court has recognized any exception to this rule of law.

      Plaintiff does not explain or provide authority on how any changes to his old position could be actionable under the FMLA since he never was released to return to this position and suffered no prejudice from any changes. Plaintiff does not dispute that his position was not filled during his leave, that it remained open, and was in fact offered to him.[1] (DSOF ¶ 17, 18, 28) The Plaintiff's Response continues to falsely claim that Plaintiff's office was moved, but the undisputed evidence showed it was not moved. (DSOF ¶ 19) The Response argues that moving four personal items temporarily into storage and having someone step in to continue the ASU Internship program were major changes, but the undisputed evidence showed those were temporary measures while Plaintiff was on leave and would have been restored when Plaintiff returned. (DSOF ¶ 21-23) Plaintiff does not address the cases cited holding similar changes were considered deminimis.[2] Viewed singly or in the totality of the

---

[1] Plaintiff's Response falsely states that he was not advised that his position was not filled by someone else. The District did <u>not</u> communicate with Plaintiff through his former subordinate (Cindi Tanner) during Plaintiff's leave, they communicated solely through District HR Personnel. (Dkt 26-2, p. 5, Castellanos declaration ¶ 18) The District did not tell Plaintiff that a replacement was hired, but by e-mail in July 2017 Human Resources advised Plaintiff his position was not filled by someone else. (Dkt 26-2, p. 5, and 43, Castellanos declaration ¶ 16 and ex. I)

[2] There is no evidence to support a claim that Plaintiff's leave through January 2018 was extended because of any acts or statements made after February 6 and before June 30 when Plaintiff's FMLA leave was exhausted. While the date of alleged statements

1  circumstances, there was no prejudicial or material changes to Plaintiff's old job which
2  could have violated the FMLA had Plaintiff been able to and did return before the
3  exhaustion of his FMLA leave.
4        The FMLA claim is frivolous and should be dismissed. Plaintiff's rights under
5  the FMLA were not interfered with by the District.

## II. THE DISCRIMINATION CLAIM IN THE THIRD CLAIM FOR RELIEF SHOULD BE DISMISSED AS IT WAS NOT ADMINISTRATIVELY EXHAUSTED

8        The ADA failure to accommodate Plaintiff's disability claim by reassignment,
9  when he was cleared to return to some form of work, must be dismissed for failure to
10 exhaust such claim with the EEOC.[3] Plaintiff cites to *EEOC v. Farmer Bros. Co.*, 31
11 F.3d 891, 899 (9th Cir. 1994), to argue that his ADA disability discrimination claim was
12 exhausted by his EEOC charge which was filed and ultimately ended at his request
13 before Plaintiff was even released to go back to work. In *Farmer Bros.*, former
14 employee, Estrada, as intervenor sued for alleged discriminatory layoff and for
15 discriminatory subsequent failure to rehire. *Id.* at 899. Estrada's theory was that
16 Farmer Bros. laid off equal numbers of men and women, but it planned to rehire only
17 the men. *Id.* The Ninth Circuit held that the discriminatory layoff component was in
18 fact raised in the EEOC charge, but even if it was not it would be deemed to be within
19 the reasonable scope of any investigation of the failure to rehire charge and so was to be
20 treated as exhausted. *Id.* The key part of the holding in *Farmers Bros.* was that it was
21 "necessary for the EEOC to investigate the circumstances of [plaintiff's] layoff" in
22 order to understand the failure to rehire. *Id.* The Court also found the prior activity was
23 part of one large discriminatory scheme. *Id.*

---

made by Dr. Miranda to Tanner and others is of record, there is no evidence of when Plaintiff learned about those statements. There is no evidence that the statements made by Dr. Miranda to subordinate Tanner were not true. (DSOF ¶ 33-39) In any event, as pointed out in the original motion and this reply, Plaintiff was not entitled to reinstatement under the FMLA.

[3] The EEOC does not investigate FMLA claims and there is no requirement of exhaustion of a FMLA claim before filing suit.

3

Subsequent case law makes clear that a plaintiff's claims are reasonably related to allegations in the charge "to the extent that those claims are consistent with the plaintiff's original theory of the case," as reflected in the plaintiff's factual allegations and his assessment as to why the employer's conduct is unlawful. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002). In determining whether a plaintiff has exhausted allegations that he did not specify in his administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred. *Id.* None of these factors supports finding presumed exhaustion.

Plaintiff does not and cannot dispute that his claims made to the EEOC were for retaliation against Plaintiff for him advocating for disabled students (the Response so admits), but the issue at hand is whether the District reasonably accommodated Plaintiff's own disability once he was able to return to work. (DSOF ¶ 25, 30, 32) The theories are not related at all or insufficiently to support a finding of exhaustion here. *See Ware v. NBC Nev. Merchants, Inc.*, 219 F. Supp. 3d 1040, 1048-49 (D. Nev. 2016) (racially discriminatory hiring practices and a failure to grant minorities overtime are insufficiently related to the original charge of harassment and disparate treatment due to race, but new claim of workplace harassment acts occurring after EEOC investigation could be asserted as they were like or related to charge of harassment). The personnel involved are different as well: the retaliation claim is based upon Plaintiff's treatment by Vice President Wise, Dean Miranda, faculty and President Gonzales who were all at Gateway, while for his ADA reasonable accommodation issues Plaintiff dealt solely with District HR personnel at the headquarters in Tempe. (DSOF ¶ 25, 27) The right to claim he was not reasonably accommodated through a reassignment could only accrue on or after January 1, 2018 when Plaintiff was released to return to some form of work by his healthcare providers. (DSOF ¶ 13-16, 26) But that was after the EEOC already closed its investigation, so even presuming the most perfect investigation as of that time

there could be no ADA violation. (DSOF ¶ 30) It was not necessary or even possible to have investigated a claim for failure to reasonably accommodate Plaintiff's own disability at the time the EEOC closed its file because Plaintiff had not been cleared to return to work anywhere and in any position.

The ADA claim made in the Third Claim for Relief should be dismissed as it was not administratively exhausted.

### III. PLAINTIFF'S STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM SHOULD BE DISMISSED, OR LIMITED, UNDER THE STATUTE OF LIMITATIONS AND/OR NOTICE OF CLAIMS STATUTE

Plaintiff does not dispute that his state law claim for alleged intentional infliction of emotional distress should be limited to statements and conduct after February 22, 2017. The Response asserts merely that the few miscellaneous statements allegedly made by Dr. Miranda to her subordinate (Tanner) and other professionals about Plaintiff after that date can support this claim. There is no allegation that Dr. Wise did or said anything to or regarding Plaintiff after he stopped working on February 6, 2017, so any claim against her should be completely dismissed.

Plaintiff suggests that he should still be able to sue based upon a few statements made by Dr. Miranda to other persons about Plaintiff. Plaintiff never addresses *McKee v. State of Arizona*, 241 Ariz. 377, 383-84, ¶ 25, 388 P.3d 14, 20-21 (App. 2016), cited in the original motion, which held that liability for intentional infliction of emotional distress is limited to plaintiffs that are present at the time of the alleged statements and conduct "as distinguished from those who discover later what has occurred". The Response suggests that *Restatement (Second) of Torts* § 46(2) supports Plaintiff's claim here because he allegedly suffered emotional distress causing bodily harm when he was later told what was said about him. But that subsection (quoted in a footnote in the original motion) required Plaintiff to be present when the statements were made, which he was not according to his own Complaint, or such statements had to be made to a family member who was present. Neither of those situations apply. (DSOF ¶ 33-39)

1  There is no evidence to support any assertion that the statements were intended to be
2  repeated to Plaintiff, but rather all but one of the statements were made to Cindi Tanner
3  (a subordinate) to sway her to trust Dr. Miranda. (DSOF ¶ 33) Plaintiff was
4  communicating with District HR personnel for the District not with the administrators
5  or Tanner at GateWay during his leave. (DSOF ¶ 11, 12-16, 27) (Dkt 26-2, p. 3-5, 7-33,
6  Castellanos declaration ¶ 5-7, 11-12, 18 and ex. A-F) There is no evidence that any of
7  the statements were not true or reasonably believed to be true when made. (DSOF ¶ 33-
8  39)

9        The claim of intentional infliction of emotional distress should be dismissed
10 entirely. At worst, Plaintiff's claim should be limited to statements and conduct
11 occurring after February 22, 2017. This would still mean Defendant Wise should be
12 dismissed as a party as this is the only claim against her and no statements or conduct
13 by her was alleged after that date.

14       DATED: July 9, 2018.

UDALL SHUMWAY PLC

/s/ David R. Schwartz
David R. Schwartz
Kimberly R. Davis
1138 North Alma School Road
Suite 101
Mesa, AZ 85201
Attorneys for Defendant Maricopa County Community College District, Wise and Miranda

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2018, I electronically filed the attached document using ECF for filing and transmitted the document through ECF to the following registered ECF users:

Israel G. Torres
James E. Barton, II
Saman Golestan
TORRES LAW GROUP, PLLC
2239 W. Baseline Rd.
Tempe, AZ  85283
Attorneys for Plaintiff

/s/ Kimberly Kershner

5219173.1
109883.024