**UNITED STATES DISTRICT COURT**

**DISRICT OF ARIZONA**

| | |
|---|---|
| James Rogers and Judy Ellen Rogers,<br><br>Plaintiffs,<br><br>v.<br><br>Maricopa County Community College District, a political subdivision of Arizona; Maria Wise, an individual; and Vivian Miranda-Strawbridge, an individual<br><br>Defendants. | NO. CV2018-00605 PHX-DWL<br><br>**AMENDED ORDER** |

Upon stipulation of the parties and good cause appearing for the amendment of the Order (Dkt 56) as to the date of the examination,

IT IS HEREBY ORDERED that:

1. Plaintiff James Rogers shall appear for and participate in good faith in a Rule 35 mental examination on April 19, 2019 beginning at 10 a.m. to be conducted by Stephen Herman, M.D. (and such assistants and colleagues as Dr. Herman may call upon to assist him) at 17470 N. Pacesetter Way, Scottsdale, AZ 85255 regarding his mental/psychological/psychiatric history and conditions.

2. The examination may include a clinical interview including: gathering of identifying information; inquiries into personal, occupational, educational, religious, drug and alcohol, legal, family and marital history; taking a history of psychiatric complaints as well as treatment and diagnosis and prognosis for the future; and taking a formal mental status examination; taking a history of

Plaintiff's physical conditions; as well as any other subjects Dr. Herman deems necessary to make a determination in this case.

3. The examination may also include an interview regarding any and all injuries, effects, problems or conditions which are claimed to have resulted from or been sustained by Plaintiff as a result of the incidents giving rise to this lawsuit, whether they be psychological in nature or physical in nature.

4. The examination may include, but need not be limited to, mental or psychiatric testing of Plaintiff based upon the discretion and professional judgment of Dr. Herman. The results of such tests shall be provided with the examiner's report to Plaintiff's counsel.

5. No person shall attend the examination other than Plaintiff.

6. The examination shall not be video, audio or electronically recorded.

7. The examination shall continue so long as reasonably required, although it will not go longer than 4 p.m. on the scheduled date. Breaks for personal comfort or necessity may be taken as needed during this time. In some cases, because the examination starts late, or because of the complexity of the history or issues, or because of communication problems, the examination might require more time. If the examining doctors are unable to complete the examination on the scheduled day, Plaintiff shall cooperate with Defendant and Dr. Herman in arranging a mutually convenient date and time as soon thereafter as possible on which to continue the mental examination.

8. To change the date and time of the examination, without any charge or expense, Plaintiff must provide at least 72 hours prior written and telephone notice to defense counsel. In the event Plaintiff does not provide such notice, or if Plaintiff fails to attend on the scheduled date for a reason other than an unforeseeable incapacity illness, a nonappearance fee of up to $2,000 will be charged to Plaintiff.

1  9. The results of examination may be used in this litigation, as well as for any
2      lawful purpose outside of this litigation, to the extent allowed by law.
3  Dated: March ___, 2019.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2019, I electronically filed the attached document using ECF for lodging and transmitted the document through ECF to the following registered ECF users:

Israel G. Torres
James E. Barton, II
Saman Golestan
TORRES LAW GROUP, PLLC
2239 W. Baseline Rd.
Tempe, AZ  85283
Attorneys for Plaintiff

/s/ Kimberly Kershner

5428598.1
109883.024